UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RODDY JAMES NIXON, JR., | ) | |
| | ) | |
|     *Plaintiff,* | ) | |
| v. | ) | No. 1:10-cv-166 |
| | ) | *Chief Judge Curtis L. Collier* |
| WARDEN PAUL JENNINGS; ASSISTANT | ) | |
| WARDEN EDWARD BALDWIN; | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA; DR. JOHN DOE, Corrections | ) | |
| Corp. of America; HAMILTON COUNTY | ) | |
| CORRECTIONS; All Sued in Their Official | ) | |
| Capacity, | ) | |
| | ) | |
|     *Defendants*. | ) | |

**MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* civil rights complaint filed by Roddy James Nixon, Jr. ("Plaintiff") pursuant to 42 U.S.C. § 1983 [Court File No. 2]. Nixon's complaint provides scant factual support for his claim that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The Court, however, discerns Nixon was working in the CCA Silverdale kitchen on June 19, 2009, when he "was hurt." Nixon fails to provide any facts explaining how he was "hurt" or what part of his body was "hurt," but claims he went to medical and after he was evaluated, he was scheduled with the provider at CCA Silverdale on June 24, 2009.[1] The physician told him he had a hernia and the only remedy was surgery. Nixon contends CCA Silverdale informed him they would not pay for the surgery.

---

[1] Plaintiff is **DIRECTED** to file a statement with the Court confirming the correct date of the alleged incident, as there is notation on his Certificate that his intake date was May 19, 2010.

Based on the record before it, the Court is unable to determine whether Plaintiff suffers from a serious medical condition. Although the Court is inclined to conclude Plaintiff is not suffering from a serious medical condition, since Nixon has not provided sufficient details to permit the Court to determine whether he is actually suffering from a serious medical condition, out of an abundance of caution and because *pro se* complaints are to be liberally construed, Defendants will be required to file an Answer.

**I.      Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Nixon that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Nixon is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Nixon is an inmate or prisoner in custody at CCA Silverdale, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Nixon shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Nixon's inmate trust account at the institution where he now resides shall submit to the Clerk, United State District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

>(a)     twenty percent (20%) of the average monthly deposits to Nixon's inmate trust account; or

>(b)     twenty percent (20%) of the average monthly balance in Nixon's

inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of Nixon's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden and the Custodian of Inmate Accounts at CCA Silverdale, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee, to ensure the custodian of Nixon's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Nixon **SHALL** collect the filing fee as funds become available. This order **SHALL** become a part of inmate Nixon's file and follow the inmate if he is transferred to another institution. The agency having custody of Nixon **SHALL** continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

Nixon is **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Nixon to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II.     Screening Process

The Court must now review the complaint to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th

Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If it, or any claims asserted fall within one of these categories, it must be dismissed.

Although difficult to decipher, Plaintiff makes a broad assertion that all the named defendants have denied him hernia surgery, and CCA Silverdale has a policy to not provide hernia surgery to inmates (Court File No. 2). Plaintiff specifically contends he approached Warden Paul Jennings and Assistant Warden Edward Baldwin with his need for surgery but to no avail.

Plaintiff, however, has failed to allege any unconstitutional conduct on the part of the physician, Dr. John Doe, or Hamilton County Corrections, if there is such an entity. Plaintiff specifically contends the Dr. John Doe told him he had a hernia which could only be corrected by surgery, but he had never known CCA Silverdale or Hamilton County Jail to authorize such a surgery (Court File No. 2, p. 4). The complaint contains no allegations against Hamilton County Corrections. Absent specific allegations of unconstitutional conduct against Dr. John Doe or Hamilton County Corrections, Plaintiff has failed to state a claim against these two Defendants. Accordingly, Dr. John Doe and Hamilton County Corrections are **DISMISSED** as Defendants from this action. The Clerk is **DIRECTED** to reflect this ruling on the Court's docket sheet.

**III.   Service**

The Clerk is **DIRECTED** to send Nixon a service packet (a blank summons and USM 285 form) for each of the remaining Defendants named in this action. Nixon is **ORDERED** to complete the service packets and return them to the Clerk's Office **within twenty (20) days** of the date of receipt of this Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Nixon is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint **within twenty (20) days** from the date of service.

Nixon is **ORDERED** to inform the Court and Defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address will result in the dismissal of this action.

SO ORDERED.

ENTER:

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**