UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RODDY JAMES NIXON, JR., ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | No. 1:10-cv-166 |
| ) | *Chief Judge Curtis L. Collier* |
| WARDEN PAUL JENNINGS; ASSISTANT ) | |
| WARDEN EDWARD BALDWIN; ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA; DR. JOHN DOE, Corrections ) | |
| Corp. of America; HAMILTON COUNTY ) | |
| CORRECTIONS; All Sued in Their Official ) | |
| Capacity, ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM**

Roddy James Nixon, Jr. ("Plaintiff"), a *pro se* prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Court File No. 2]. On August 18, 2010, the Court issued an order directing Plaintiff to complete the service packets and return them to the District Court Clerk within twenty (20) days from the date of receipt of the order [Court File No. 6]. Plaintiff was forewarned that failure to return the completed service packet within the time required could jeopardize his case.

Plaintiff has not responded to the Court's August 18, 2010, Order. Instead, Plaintiff filed a motion to appoint counsel [Court File No. 7]. On September 17, 2010, the Magistrate Judge granted Plaintiff sixty days from the date of the order to obtain counsel or notify the court of his intention to proceed *pro se*. Plaintiff's failure to timely respond to either the District or Magistrate Judges' Order results in a finding by the Court that Plaintiff has failed to comply with both Court Orders. Consequently, the Court will dismiss Plaintiff's complaint for noncompliance with its Order and failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua*

*sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980) ("'The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962)).

Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**